(No. 13327.—Judgment affirmed.)

THE PEOPLE ex rel. F. C. Huempfner et al. Appellants, vs.
ALBERT C. BENSON et al. Appellees.

Opinion filed June 16, 1920—Rehearing denied October 14, 1920.

1. CONSTITUTIONAL LAW—courts cannot inquire into expediency
of acts within legislative power. The courts have no right to in-
quire into the motives of a legislative body nor into the wisdom or
expediency of an act which is within the legislative power, but it
is the duty of courts to interpret laws and to protect the rights of
individuals against acts beyond the scope of legislative power.

2. MUNICIPAL CORPORATIONS—a city cannot vacate an alley for
private benefit—estoppel. While city councils have power to lay
out, alter and improve streets and alleys and to vacate the same, it
is not in the power of the council to lay out a street for any other
than the public use nor to give away or vacate any part of a street
or alley solely for private use and benefit, and it is the duty of
the courts, when their authority is invoked by individuals injured
by such vacation, to declare the act beyond the delegated power,
unless there is an equitable estoppel against such individuals.

3. SAME—proper vacation of street or alley is not void because
substantial benefit results to individuals. It is not ground for de-
claring a vacation of a street or alley beyond the power of a city
council that the vacation will result in substantial benefit to an in-
dividual or individuals, as that is always the case where the city
has the fee, which upon vacation reverts to the original dedicator,
or only an easement, of which the fee is relieved by the vacation.

4. SAME—courts will not question expediency of a proper va-
cation of property devoted to public use. If property devoted to a
public use is no longer needed for such use or there is any benefit
to the public from the vacation, the courts will not substitute their
judgment for that of the legislative body concerning the extent of
the benefit or the expediency of the vacation.

5. SAME—when court cannot say that vacation of alley is solely
for the benefit of adjoining proprietors. Where an alley originally
dedicated to be sixteen feet wide has for more than forty years
been open only for the width of twelve feet, and where the only
inconvenience resulting from such use is the difficulty of large ve-
hicles turning into connecting alleys which are only twelve feet
wide, the court cannot say that the vacation of the unused four
feet, which will relieve the city of the burden of its maintenance, is
solely for the benefit of the adjoining proprietors, whose buildings
have extended into the vacated portion for more than forty years.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

BULKLEY, MORE & TALLMADGE, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, JOHNSON & HERR, HENRY UTPATEL, and JOHN T. MORRAY, (BENTON F. KLEEMAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

In 1858 Ashland's Second addition to Chicago was laid out and platted and the streets and alleys shown on the plat were thereby dedicated to the public use and the dedication was accepted by the city of Chicago. Block 2 was bounded on the north by West Madison street, on the south by West Monroe street, on the east by Honore street and on the west by Lincoln street. There were two alleys in the block, each one 12 feet wide, running east and west between Honore street and Lincoln street, dividing the block into substantially three equal parts, and between them there was a third alley 16 feet wide, running north and south in the middle of the block, connecting the two 12-foot alleys. On March 19, 1917, the city council passed an ordinance reciting that the east four feet of the north and south alley were no longer required for public use and the public interest would be subserved by vacating the same, and that part of the alley was declared to be vacated upon condition that within sixty days after the passage of the ordinance Thomas J. Johnson, J. W. Propek, Martin F. Corley and A. C. Benson, who owned lots abutting on the alley on the east side, should pay to the city $153.72 toward a fund for the payment and satisfaction of any and all claims for damages which might arise from the vacation, and they complied with the condition of the ordinance, so that it became effective. On March 27, 1919, Fred C. Huempfner, John J. Tevenan and

Wilfred L. Bays, owners of lots on the west side of the alley, filed their petition in the circuit court of Cook county against the city of Chicago, the commissioner of public works, the superintendent of streets and the above named owners of lots on the east side of the alley, praying for a writ of *mandamus* to compel the removal of obstructions from the four feet in question and to compel the city to keep the alley open for public use to the full width of 16 feet. The petition alleged that the public interest would not be subserved by the vacation; that the sole object and purpose of the ordinance were to benefit the owners of the lots to which the four feet would be added; that cutting the width of the alley down to 12 feet would prohibit its use by the petitioners for automobiles and trucks, inasmuch as there would not be enough room left to turn from the alley into their premises without using part of their own lots to make the turn, and that Benson, Corley, Propek and Johnson for a number of years before the passage of the ordinance had encroached on the alley upwards of three feet. Answers were filed by the owners of the lots and the city and its officials and there was a trial of the issue by the court. At the conclusion of the evidence for the petitioners the court found the issue for the defendants and rendered judgment accordingly and for costs, and the validity of the ordinance being involved, the judge certified that in his opinion the public interest required that the cause should be taken to this court.

There was no evidence that a 12-foot alley was not wide enough for all the uses of an alley except in turning into or out of it at the junctions with the east and west 12-foot alleys. Permanent buildings had been erected east of the alley, extending into it between three and four feet on the vacated portion, and they had stood there for more than forty years. There was no proof of the fact,—which perhaps needed no proof,—that it was difficult to turn from the 12-foot east and west alleys into the north and south

alley with a hay wagon or truck, and, of course, the same difficulty was experienced in turning from the 16-foot alley into the 12-foot alleys. The situation was quite different from the connection of an alley with a street of ordinary width, and it is questionable whether an alley 16 feet wide would be sufficient for the convenient use of automobiles and trucks on account of the width of the connecting alleys, but a 16-foot alley would be less objectionable than a 12-foot one.

Under the fundamental principle of the constitution separating the powers of government into those which are legislative, executive or judicial in character, the courts do not exercise legislative power nor interfere with, revise or set aside legislative acts within the scope of the legislative power. They have no right to inquire into the motives of the legislative body nor into the wisdom or expediency of the legislative act, but it is their duty to interpret laws and protect the rights of individuals against acts beyond the scope of legislative power. The General Assembly has delegated to the city councils of cities power to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets and alleys and to vacate the same, but it is not within the power of a city council, under that delegation of authority, either to lay out a street for any other than the public uses of a street, (*Ligare* v. *City of Chicago*, 139 Ill. 46,) nor to give away for private use a street or alley belonging to the public. (*People* v. *Corn Products Co.* 286 Ill. 226.) If the sole purpose and effect of the vacation of the street or alley are to give away the public right or dispose of it for private use and benefit, it is the duty of the courts, if their authority is invoked by individuals injured by the vacation, to declare the act beyond the power delegated, unless conditions are such as to amount to an equitable estoppel against such individuals. It is not ground for declaring the purpose of a vacation of a street or alley beyond the power of a city council that the vacation will

result in substantial benefit to an individual or individuals. That is always the case where the city has the fee, in which case it reverts to the original dedicator, or where the city has only an easement, of which the fee is relieved by the vacation. (*People* v. *Wieboldt*, 233 Ill. 572.) If property devoted to a public use is no longer needed for such use or there is any benefit to the public from the vacation, the courts will not substitute their judgment for that of the legislative body concerning the extent of the benefit or the expediency of the vacation. In this case, while the dedication was of an alley 16 feet wide, it had, in fact, been open for public use only of the width of 12 feet for more than forty years, and while it had proved difficult to turn into or out of the alley with vehicles requiring considerable space, that difficulty was equally due to the width of the east and west alleys connected by the alley in question. The facts that the public use had been confined to 12 feet in width for more than forty years and an alley of that width had been regarded as sufficient for the public, that the alley at each end connected with alleys only 12 feet wide, and that the vacation of the east four feet would relieve the city of the burden of care, maintenance and improvement of a part of the alley, would preclude the court from saying that the public interest was in no way involved and that the vacation was solely for the benefit of the adjoining proprietors and for private use. Whether the discretion given to the city council was wisely exercised or not, its exercise was not beyond the power delegated to the city council and is not within the control of the court.

The petition for writ of *mandamus* was filed two years after the act of vacation, but inasmuch as the ordinance was valid a further question arising concerning an equitable estoppel will not be considered.

The judgment is affirmed.          *Judgment affirmed.*