(No. 14297.—Reversed and remanded.)

MURRAY WOLBACH, Appellant, *vs.* CHARLES RUBENS *et al.* Appellees.

*Opinion filed February 21, 1923—Rehearing denied April 4, 1923.*

1. MUNICIPAL CORPORATIONS—*city cannot vacate street or alley for private purpose, only.* Cities hold title to streets and alleys for the use of the local and general public and in trust for such use and none other, and they cannot lawfully vacate or sell a street or an alley, or a portion of either, for the sole benefit and use of a private person or corporation, but in exercising this authority the public interest, only, must be considered.

2. SAME—*when vacation of alley is lawful although private interest is benefited.* Before a vacation ordinance can be declared void as being for a private interest it must clearly appear that no consideration of public interest could have led to its enactment, and where the public interest is served by vacating an alley, the ordinance is valid although an abutting property owner is benefited thereby and even though the ordinance is designated as an ordinance for the benefit of said property owner, who is required to deposit a sum with the city to cover any damages arising from the vacation.

3. CONSTITUTIONAL LAW—*courts cannot inquire into wisdom of legislative acts.* Courts have no right to inquire into the motives of

a legislative body nor into the wisdom or expedience of legislative acts but the authority of the courts is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power.

FARMER, DUNCAN and STONE, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

MacCHESNEY & BECKER, (NATHAN WILLIAM MAC-CHESNEY, and CHARLES L. BARTLETT, of counsel,) for appellant.

VERNON R. LOUCKS, CARL STROVER, and JOHN A. WAL-GREN, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

March 23, 1914, the city council of the city of Chicago adopted an ordinance providing for the widening of Michigan avenue between East Randolph street and East Chicago avenue and for a double-deck bridge over the Chicago river, this project being generally known as "the Michigan avenue improvement." The upper roadway of this portion of Michigan avenue is used for light, rapidly-moving traffic, and the lower roadway for heavy, slowly-moving traffic and most of the cross-traffic. There are no alleys intersecting the upper roadway of this part of the boulevard system. Block 22 of Kinzie's addition to Chicago lies immediately west of North Michigan avenue. This block is bounded on the south by East Grand avenue, on the west by Rush street and on the north by East Ohio street. The west half of the block is divided into lots, which face Rush street. The east half of the block is divided by an east and west alley, the lots north of this alley facing East Ohio street and the lots south of the alley facing East Grand avenue. This alley is eighteen feet wide. It joins a twelve-foot alley, which runs from the middle of the block south to East Grand

avenue. Nearly half of the east half of this block was taken for public use by the widening of Michigan avenue. February 10, 1919, an ordinance was passed by the city council of Chicago vacating the east 75.03 feet of that part of the eighteen-foot alley remaining after the west line of widened North Michigan avenue was established. At this point Michigan avenue is elevated, so that the surface of the upper roadway is about six feet higher than the surface of the alley. The lower roadway extends south from East Grand avenue, the north line of which is one hundred feet south of the south line of the alley. The surface of this roadway is over nine feet lower than the surface of the alley. Immediately opposite the middle line of the alley is a heavy steel post which supports the sidewalk above. The upper roadway is supported at this point by a fill which completely blocks the east end of the alley. The westerly twenty-five feet of the alley is not vacated but is widened, so that vehicles coming in through the twelve-foot alley have a turning-place in the middle of the block. Appellant, Murray Wolbach, and appellee Charles Rubens, own as tenants in common, in fee simple, all of the lots in the east half of block 22 which abutted on the alley which has been vacated, except lot 11, in which they have a leasehold interest for a term of 200 years, expiring July 15, 2117. As owners of the abutting property they claim title to that portion of the eighteen-foot alley which has been vacated. Appellees Ernst T. Neumann and Martha M. Neumann, husband and wife, and appellees Minnie, Ivan, Ephraim and Samuel Atwood and Lenna Ladd, heirs and devisees of Fred H. Atwood, deceased, own lots in the west half of block 22, which abut on the twelve-foot alley. Appellant filed his bill in the circuit court of Cook county, making a number of persons, including appellees, defendants, and praying for partition of the lots owned by him and Rubens, including that portion of the eighteen-foot alley which had been vacated. The Neumanns and Atwoods an-

swered, claiming that the vacation ordinance is void. Their contentions were sustained, and a decree was entered granting partition of all the premises except that portion of the alley vacated. The chancellor certified that the validity of the vacation ordinance was involved, and that in his opinion the public interest required that an appeal be allowed direct to this court.

The sole question presented for our consideration is the validity of the vacation ordinance. The principles of law involved have been fully discussed in the opinions filed in the following cases: *People* v. *Elgin, Joliet and Eastern Railway Co.* 298 Ill. 574; *People* v. *Atkins,* 295 id. 165; *People* v. *Benson,* 294 id. 236; *People* v. *Corn Products Co.* 286 id. 226; *Lockwood & Strickland Co.* v. *City of Chicago,* 279 id. 445; *Murphy* v. *Chicago, Rock Island and Pacific Railway Co.* 247 id. 614; *City of Amboy* v. *Illinois Central Railroad Co.* 236 id. 236; *Meyer* v. *Village of Teutopolis,* 131 id. 552.

The law is definitely established in this State that cities hold title to the streets and alleys for the use of the local and general public and in trust for such use and none other, and they cannot lawfully vacate a street or an alley, or a portion of either, for the benefit and use of a private person or corporation. The authority delegated by law to the cities is to lay out, establish, open, alter or vacate streets and alleys and to regulate the use of the same, and in exercising this authority the public interest only must be considered. The chancellor considered evidence which showed that appellant, who is a real estate operator, employed an attorney to secure the passage of the vacation ordinance for the purpose of making his property more valuable; that the ordinance was designated as an ordinance for "the benefit of Murray Wolbach;" that the street and alley committee recommended the passage of the ordinance subject to the "fixing of compensation" by the compensation committee of the city council; that the compensation committee as-

certained the sale value of the land embraced within the boundaries of the part of the alley to be vacated and fixed its value at $8112; that Wolbach was required to deposit this sum with the city of Chicago as a fund for the satisfaction of any claims for damages which might arise from the vacation; that no effort was made by the council to ascertain what damages, if any, would likely arise by reason of the vacation; that the ordinance was passed subject to the condition that Wolbach deposit this amount and that he be relieved from liability in excess of this amount, and that if the amount was not expended by the city as compensation for damages the city should not be liable to repay to Wolbach any portion of the sum. Appellees contend that the city deliberately sold this alley to Wolbach and that the public interest was not considered.

This court has often condemned the immoral and dangerous practice of selling legislation for the purpose of enriching the city treasury, and has repeatedly said that a city has no power to sell or barter the streets and alleys which it holds in trust for the benefit of the public. On the other hand, the courts have no right to inquire into the motives of a legislative body nor into the wisdom or expediency of legislative acts. The authority of the courts is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power. It is presumed that public officials act honestly and patriotically and discharge their duty to the public. Vacation ordinances are seldom passed without some private individual being benefited, and the ordinances are usually passed at the suggestion of some interested person. Because some private interest may be served by the vacation does not render a vacation ordinance void. Before such an ordinance is void it must clearly appear that no consideration of public interest could have led to its enactment. There is abundant evidence in this record which justifies the finding of the

city council that the public interest is served by vacating this alley, and the court is therefore precluded from making further inquiry with respect to the reasons for its passage. Under the authorities cited we must hold that the ordinance is not void and that the court erred in denying the prayer for the partition of the tract vacated.

The decree of the circuit court is reversed and the cause is remanded.                                    *Reversed and remanded.*

FARMER, DUNCAN and STONE, JJ., dissenting.