(No. 15464.—Decree reversed.)

THE PEOPLE *ex rel.* Benona Shaner *et al.* Appellees, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *et al.* Appellants.

*Opinion filed December 16, 1924.*

1. CONSTITUTIONAL LAW—*courts cannot inquire into wisdom or motives of legislative acts.* Courts cannot inquire into the motives of a legislative body nor into the wisdom or expediency of legislative acts but their authority is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power.

2. EVIDENCE—*public officials are presumed to act honestly.* It is presumed that public officials act honestly and patriotically in discharging their duties to the public.

3. VACATION—*when public interest is served by vacation of a street.* The public interest is served when the city is relieved from the expense of maintaining a street that is used by only a small portion of the public or when the city is freed from liability for possible injuries sustained by the traveling public by reason of defects in an unimproved street.

4. SAME—*vacation ordinance is not void because private interest may be served thereby.* Because some private interest may be served and other private interests damaged by the vacation of a street does not necessarily render a vacation ordinance void, but to declare such ordinance void it must clearly appear that no consideration of public interest could have led to its enactment.

5. SAME—*when vacation ordinance is valid.* A court is not authorized, on the ground that public interest is not served, to declare void an ordinance vacating one block of a street which is

crossed by several tracks of a railroad company, is intersected by a heavily trafficked public highway, is located in a sparsely settled portion of the city, and is not improved with sidewalks, drainage ditches, water mains or sewers.

APPEAL from the Circuit Court of McDonough county; the Hon. WALTER C. FRANK, Judge, presiding.

J. A. CONNELL, and GUMBART & GRIGSBY, for appellants.

ANDREW L. HAINLINE, State's Attorney, T. MAC DOWNING, and GEORGE A. FALDER, for appellees.

Per CURIAM: This is a proceeding in equity begun in the name of the People, on the relation of certain property owners, to set aside an ordinance vacating that portion of Ward street, one block long, extending from the south side of Jackson street to the north side of Washington street, in the city of Macomb, and to enjoin the obstruction of said street. The master in chancery to whom the cause was referred heard evidence and filed his report recommending that a decree be entered in accordance with the prayer of the bill. Such a decree was entered and this appeal followed.

Ward street is a north and south street, which at the point in question forms the western city limits. It extends from the city limits on the south to the property of the Western Illinois State Teachers' College on the north. Jackson street, which crosses Ward street, is paved with brick and is the main highway between Macomb and Colchester. West of Ward street it is sixteen feet narrower than it is east of Ward street. Washington street extends east from Ward street. Two blocks south of Washington street is Piper street, which is the first street south of Jackson street that crosses Ward street. Extending across the south end of the vacated portion of Ward street is the right of way of the Chicago, Burlington and Quincy Railroad Company, occupied by the main line from Chicago to Kansas City and

by a switch-track which parallels the main line on its north side. A short distance north of this switch-track is a loading-track extending across the vacated portion of Ward street into the yards of the Macomb Sewer Pipe Works, which maintains a factory on the tract of land lying west of Ward street and between Jackson street and the railroad right of way. The tract of land immediately east of the vacated portion of Ward street is occupied by the stables and the ware yard of the pipe works. Sewer pipes are stored in piles along both sides of Ward street and freight cars occupy the loading-track the greater part of the time. Ward street is an unimproved street, and that portion of it which is vacated by the ordinance has not been graded by the city for many years, is unlighted, and is not improved with sidewalks, drainage ditches, water mains or sewers. Twelve or fifteen trains pass across the south end of this vacated strip each day, and the traffic at the north end of the strip on Jackson street, which is the only paved thoroughfare in this section of the city, is heavy.

When the question of vacating this street was presented to the city council five of the six members of the council made a personal inspection of the locality. The ordinance, which consists of but one sentence and which merely declares the portion of Ward street hereinbefore described vacated, without explanation, was unanimously adopted by the city council and was signed by the mayor. Several of the aldermen testified in this case that it was their opinion that this portion of the street was not suitable for public travel and that the railroad crossings and the intersection at Jackson street were dangerous. The evidence shows that few people live in the immediate neighborhood of this vacated street and that there is a public street open for travel across the railroad right of way one block east of it. While the relators and other witnesses called by them testified that many people used Ward street at this point and that it was necessary for the public convenience, their testimony does

not show that the public interests will not be served by the vacation of the street. The public interest is served when the city is relieved from the expense of maintaining a street that is used by only a small portion of the public, (*People v. Benson,* 294 Ill. 236,) and when the city is freed from liability for injuries sustained by the traveling public by reason of defects in an unimproved street. (*People v. Elgin, Joliet and Eastern Railway Co.* 298 Ill. 574.) This court has repeatedly held that courts have no right to inquire into the motives of a legislative body nor into the wisdom or expediency of legislative acts. The authority of the courts is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power. It is presumed that public officials act honestly and patriotically and discharge their duty to the public. Vacation ordinances are seldom passed without some private individual being benefited, and the ordinances are usually passed at the suggestion of some interested person. Because some private interest may be served and other private interests damaged by the vacation does not render a vacation ordinance void. Before such an ordinance is void it must clearly appear that no consideration of public interest could have led to its enactment. (*Wolbach v. Rubens,* 307 Ill. 186; *People v. Atkins,* 295 id. 165; *Murphy v. Chicago, Rock Island and Pacific Railway Co.* 247 id. 614; *City of Amboy v. Illinois Central Railroad Co.* 236 id. 236; *Meyer v. Village of Teutopolis,* 131 id. 552.) There is abundant evidence in this record which justifies the finding of the city council that the public interest is served by vacating this portion of Ward street for one block, and under the authorities cited this court is precluded from making further inquiry with respect to the reasons for its passage. The ordinance is not void and the court erred in entering its decree.

The decree of the circuit court is therefore reversed.

*Decree reversed.*