THE PEOPLE *ex rel.* Gabriel Franchere, Jr., Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 11, 1926.*

1. CONSTITUTIONAL LAW—*what determines the public policy of the State.* The public policy of a State is to be found embodied in its constitution and its statutes, and, when these are silent on the subject, in the decisions of its courts.

2. SAME—*public policy of State may be changed by legislative enactment.* The public policy of the State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which in the absence of legislation has been held contrary to the public policy of the State by the decisions of the courts is no longer contrary to public policy when it is expressly authorized by legislative enactment.

3. SAME—*all legislative power not prohibited by constitutions is inherent in the legislature.* All legislative power is inherent in the General Assembly, subject to restrictions in the State and Federal constitutions, and every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by the legislature.

4. MUNICIPAL CORPORATIONS—*legislature has authority to provide for vacation of streets and alleys.* As the fee of the streets and alleys of a municipal corporation is vested in the local municipality in trust for all the citizens of the State and not merely for local use, the legislature has supreme authority in the matter of

controlling or vacating them unless restrained by constitutional limitation, and the only limitation on such power is the prohibition against any local or special law.

5. SAME—*power to vacate streets and alleys may be delegated to cities.* As the legislature, in the exercise of its power to vacate or discontinue streets or highways, can act only through subordinate agencies it may confer such power on municipalities, and when so authorized a city council may, without any judicial determination, order the vacation of a street by proceeding in accordance with the statute authorizing the same, and in such case the only question that can be considered upon objection to the vacation is whether the action is within the terms of the grant.

6. SAME—*section 1 of amendment of 1923 to act for vacation of streets and alleys is valid.* Section 1 of the amendment of 1923 to the act for the vacation of streets and alleys is a proper delegation of the power of the legislature over streets and alleys, and it is not invalid, as being contrary to public policy, as impairing contracts or as an infringement of the rights of abutting owners, and a proper ordinance passed in the exercise of such power must be held valid.

7. SAME—*vacation of an alley may be made conditional on payment of compensation.* In vacating an alley by ordinance pursuant to the amendment of 1923 to the act for the vacation of streets and alleys, the action of the council in making the ordinance conditional upon the payment of compensation by the party seeking such vacation is not inconsistent with the statute, as such provision is only to secure the carrying out of the contract, which by statute the council is expressly authorized to make.

8. SAME—*when public interest is served by vacation of an alley.* The public interest is served by its vacation when the city is relieved from the expense of maintaining an alley which is used by only a small portion of the public, is too narrow for safe traffic and would render the city liable for injuries to the traveling public.

9. STATUTES—*courts cannot inquire into wisdom of statute or ordinance.* The authority of the court is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power, and it cannot inquire into the wisdom or expediency of a statute or of an ordinance where the power is delegated to a municipality.

FARMER and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

E. S. & J. W. CUMMINGS, (E. S. CUMMINGS, of counsel,) for appellant.

FRANCIS X. BUSCH, Corporation Counsel, FRANK T. HUENING, CARL H. LUNDQUIST, and HARRY A. BIOSSAT, (SAMUEL A. ETTELSON, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county dismissing at petitioner's costs a petition for *mandamus* brought in the name of the People of the State of Illinois, on the relation of Gabriel Franchere, Jr., against the city of Chicago, its appropriate officers and the Lincoln State Bank of Chicago, seeking the removal of a building alleged to be erected by the Lincoln State Bank upon a public alley under the control and direction of the city of Chicago.

The place in question was formerly an alley between Wabash avenue and State street (north and south streets) and Thirty-first and Thirty-second streets, (east and west streets,) and extends south from Thirty-first street towards Thirty-second street. It is L-shaped and runs about 110 feet south and then about 50 feet east to an alley about 20 feet wide running through the block from Thirty-first to Thirty-second street. The width of that part running north and south is 11.5 feet and the width of that part extending east is 15 feet. The through alley is about 150 feet east of State street and the place in question is about 50 feet west of this through alley. The lots abutting upon the alley affected by the proceedings in question are described as lots 1 to 6, both inclusive, in C. H. Walker's subdivision of lots 2, 3, 6, 7, 10, 42, 43, 46, 47 and 50, in block 3, in C. H. Walker's subdivision of that part north of the south sixty acres of the west half of the northwest quarter of section 34, township 39, north, range 14, east of the third principal meridian, in Cook county, Illinois.

The petition described the property and the alleged alley as above stated, and alleged the ownership of the relator of lot 2; the ownership of the Lincoln State Bank of Chicago of lot 3, the north half of lot 4, and of a long-term leasehold interest in the west 24 feet of lot 6; the platting of the subdivision by C. H. Walker prior to the year 1871; the acceptance thereof by the city of Chicago; the recording of such plat in the office of the recorder of deeds of Cook county, and the subsequent re-subdivision of lots 2, 3, 6, 7, 10, and lots 42, 43, 46, 47 and 50, in block 3, of said original subdivision; the acceptance thereof by the city of Chicago and the recording of the plat of said re-subdivision in the recorder's office of Cook county, wherein and whereby said L-shaped alley was duly dedicated to the city of Chicago as and for a public alley; that from that time the alley had been used by the abutting property owners and by the public at large as and for a public alley; that the city of Chicago had at all times governed and controlled the alley and exercised jurisdiction over the same as and for a public alley; that on the 18th day of June, 1924, the city of Chicago passed a certain ordinance purporting to vacate the 110 feet of the alley extending south from Thirty-first street, which ordinance was set forth in full in the petition; that the city of Chicago had no power and authority to pass the ordinance; that the same was and is wholly void and of no force and effect whatsoever; that the ordinance is contrary to the provisions of section 22 of article 4, section 14 of article 2 and section 1 of article 9 of the State constitution; that no public interest was served by the passage of the ordinance and that the sole purpose of the ordinance was to benefit the Lincoln State Bank; that the provision of the ordinance making the same conditional upon the payment by the Lincoln State Bank to the city of Chicago, as compensation for the benefits which would accrue to the owners of the property abutting on the alley by the vacation of the alley, the sum of $6325, is wholly void

and contrary to the statutes of the State; that at the time of the passage of the ordinance the Lincoln State Bank was not the sole and only owner of property abutting upon the alley; that the owner of the west 24 feet of lot 6 was and is the Chicago Title and Trust Company, as trustee of the estate of William D. Kerfoot, deceased; that Joseph Simon and Leah Simon, his wife, were the owners of lot 5 and the south half of lot 4; that the heirs-at-law of Joseph I. Geraty, deceased, were the owners of lot 1; that the city of Chicago had no power or authority to charge any one abutting property owner with compensation for benefits which would accrue to such owner by vacation of such alley, but was required to contract with all the owners of property abutting upon such alley benefited by the vacation thereof, and therefore the ordinance was wholly void; that the statute relating to the vacation of streets and alleys, and upon which the ordinance was based, is contrary to the provisions of section 22 of article 4 and section 1 of article 9 of the constitution, and the ordinance based thereon is therefore void; that immediately upon the passage of the ordinance the Lincoln State Bank paid to the city of Chicago the sum of $6325, as required by the ordinance, and caused to be recorded in the recorder's office of Cook county a certified copy of the ordinance; that on the 4th day of July, 1924, the bank took possession of so much of said alley as lies between lot 6 on the east and lot 3 and the north half of lot 4 on the west thereof, and it caused a deep excavation to be made therein and foundation and brick walls to be built, extending east and west across the alley and connecting a building located on lot 6 with a building located on lots 3 and 4, so that when said changes are completed the two buildings will be one entire building; that thereby permanent obstructions are being made and created in the alley, and that the relator and the other abutting property owners and the general public are and will be permanently prevented from making use of the alley; that the

relator had made a demand on the Lincoln State Bank, the city of Chicago, the superintendent of public works and the superintendent of streets and alleys to remove said obstructions, and that they had refused to do so although it was their duty to remove the same. The prayer of the petition was that the writ of *mandamus* issue commanding the respondents, the city of Chicago, Albert A. Sprague, commissioner of public works, Thomas Byrne, superintendent of streets and alleys, and the Lincoln State Bank, to remove the obstructions placed in the alley, leaving the alley to its full width and length free and open for public use.

The answer of the Lincoln State Bank denied the allegation of the petition that the city council of the city of Chicago had no power or authority to pass the ordinance; denied that the ordinance was void and of no force and effect; denied that the ordinance was in violation of the constitution and that no public interest was served by the passage of the ordinance; denied that the statute relating to the vacation of streets and alleys, upon which the ordinance was based, was a violation of the provisions of the constitution; admitted that the Lincoln State Bank had obstructed the alley as stated in the petition, but denied that it was the duty of the respondents to remove such obstruction. The answer admitted all other allegations of the petition.

A joint and several amended answer of the city of Chicago, Albert A. Sprague, as commissioner of public works, and Thomas Byrne, as superintendent of streets and alleys, was filed. This answer was substantially the same as that of the Lincoln State Bank, the admissions and denials in such answer conforming practically to the admissions and denials in the answer of the Lincoln State Bank. Replications were filed to the answers.

The evidence on behalf of the petitioner showed that on October 17, 1923, there was presented to the city council an ordinance providing for the vacation of the alley in question, which was referred to the committee on local

industries, streets and alleys; that at a meeting of the finance committee of the council held on April 9, 1924, the committee on compensation submitted to the finance committee, with its recommendation, the following:

"Committee on Compensation, *April 9, 1924.*

| Name | Privilege | Compensation |
|---|---|---|
| Lincoln State Bank of Chicago. | Vacation of alley S State Street, E 31st Street, E. 32nd Street and Wabash Avenue. | $6,325.00" |

—that the recommendation was concurred in; that at a meeting of the city council held on June 18, 1924, it was moved to proceed to a consideration of the report of the committee on local industries, streets and alleys on an ordinance providing for the vacation of the alley in question, which motion prevailed; that thereupon a motion was made to concur in said report and to pass the ordinance, with compensation as fixed by the committee on finance, and that motion prevailed by a vote of yeas 40, nays none. The ordinance passed after reciting that the city council, after due investigation and consideration, has determined that the nature and extent of the public use and the public interest to be subserved are such as to warrant the vacation of the alley described in the ordinance. It provided for its vacation "upon the express condition that within sixty days after the passage of this ordinance the Lincoln State Bank of Chicago shall pay to the city of Chicago, as compensation for the benefits which will accrue to the owner of the property abutting said alley hereby vacated, the sum of $6325, which sum in the judgment of this body will be equal to such benefits, and further shall, within sixty days after the passage of this ordinance, deposit in the city treasury of the city of Chicago a sum sufficient to defray all costs of constructing sidewalk and curb across the entrance to the alley herein vacated, similar to the sidewalk and curbing in East Thirty-first street between South Wabash

avenue and South State street, the precise amount of the sum so deposited to be ascertained by the commissioner of public works after such investigation as is requisite." The evidence further showed that the relator had duly and regularly made demand upon all the necessary parties for the removal of the obstructions and to open the alley prior to the filing of the petition herein.

The evidence on the part of the respondents showed the location of the alley in question, and the property adjacent thereto, substantially as hereinbefore stated. In addition thereto, respondents introduced testimony of the ward superintendent of the ward wherein the alley is located, the assistant superintendent of streets supervising the cleaning of streets and alleys and the collection and removal of garbage and ashes, and of five others who were either owners of property or residents adjacent to the alley in question. The testimony of these witnesses tended to show that the general public did not use the alley in question but used the through alley, which was well paved and of more than 20 feet in width; that the alley in question was too narrow to be used by the general public and was used mainly by the abutting property owners; that by reason of its narrow width, city garbage and ash teams could not enter the alley; that the alley was full of ashes and refuse, and by reason of such accumulation its surface level varied as much as four feet between its north and south termini, and that it was a rendezvous for loiterers and suspicious characters.

At the close of the evidence the relator moved the court to enter an order for the issuance of a writ of *mandamus* in accordance with the prayer of the petition, and the respondents moved the court to dismiss the petition at the petitioner's costs and enter judgment in favor of the respondents. The relator also submitted to the court six propositions of law, each one of which the court marked "Refused," and marked each one of the propositions of law submitted by the respondents "Held." The court then found

the issues for the respondents and that the ordinance was lawful and valid and in full force and effect; that the statute in question did not violate any of the provisions of the constitution and is a valid, lawful and subsisting statute, and that the alley described in the petition was and is lawfully vacated. Thereupon the petitioner moved the court to vacate and set aside its findings and grant a new trial, which motion was overruled and a new trial denied. The court then entered judgment on the finding, from which judgment the relator has appealed to this court.

There are two questions to be decided in this case: First, the validity of section 1 of the amendment to the act for the vacation of streets, alleys and highways, passed by the General Assembly and in force July 1, 1923. Second, if such section be valid, then the validity of the ordinance in question, as to whether or not it conforms to the provisions of such statute, which section is as follows:

"Sec. 1. Whenever the city council of any city, or the board of trustees of any village or town, whether incorporated by special act or under any general law, or the council of any city or village operating under the commission or managerial form of government, shall determine that public interests will be subserved by vacating any street or alley, or part thereof, within their jurisdiction, they may by ordinance vacate such street or alley, or part thereof: *Provided,* that any such ordinance shall be passed by the affirmative vote of at least three-fourths of the members of such city council or of such boards of trustees or of such council, authorized by law to be elected; such vote to be taken by ayes and noes and entered on the records of such council or board. Such corporate authorities, in behalf of any such city, town or village, may in such case contract for and receive from the owner or owners of property abutting upon such street or alley, or part thereof, so vacated, compensation in an amount which, in the judgment of such corporate authorities, shall be equal to the benefits which

will accrue to the owner or owners of such abutting property by reason of such vacation. The validity of any such vacation shall not be questioned by reason of the payment of any such compensation, nor by reason of benefits specially accruing therefrom to the owner or owners of abutting property. The determination of such corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of such street or alley, or part thereof, so vacated, shall be final and conclusive, and the passage of such ordinance shall be sufficient evidence of such determination, whether so recited in the ordinance or not. The relief to the public from further burden and responsibility of maintaining such street or alley, or part thereof, so vacated, shall constitute a public use or public interest authorizing such vacation. When property is damaged by the vacation or closing of any street or alley, the same shall be ascertained and paid as provided by law." (Laws of 1923, p. 629.)

While under a former statute, which only gave to a municipality a limited power as to the vacation of streets, it was held in *Lockwood* v. *City of Chicago,* 279 Ill. 445, and other similar cases, that the municipality only held the title to its streets and alleys in trust, and that it was contrary to public policy to allow the municipality to demand and receive from private parties compensation as a condition precedent to the exercise of its power to vacate a street or alley no longer needed for public use, those authorities can have no application to the present case. The public policy of a State is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. The public policy of the State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which, in the absence of legislation thereon, by the decisions of the courts has been held contrary to the public policy of the State, is no longer con-

trary to such public policy when such action is expressly authorized by legislative enactment. (*Zeigler* v. *Illinois Trust and Savings Bank,* 245 Ill. 180; *Steen* v. *Modern Woodmen,* 296 id. 104.) The action of the city council in the present case being expressly authorized by statute, it was not contrary to the public policy of the State.

It is contended by appellant that by the dedication of the land in question for alley purposes a contract was entered into between the city and the abutting owners by which the land would be held in trust for the uses intended by the dedication and for none other, and that upon the vacation of the alley the land would revert to the abutting property owners, and that the section of the statute in question is unconstitutional as impairing such contract, citing *City of Jacksonville* v. *Jacksonville Railway Co.* 67 Ill. 540, *Prall* v. *Burckhartt,* 299 id. 19, and other cases in support of his contention.

At common law the dedication of a street or alley passed to the municipality merely an easement. The dedicator still continued to own the fee, subject to the easement. A deed of an abutting lot passed the title to the center of the street or included the entire street, as the case might be, burdened, of course, with the easement. If the street was abandoned or vacated by the municipality the abutting owner continued to hold his title to the center of the street just as he had held it before but now freed from the easement. Prior to the act in question, after the executing and recording of a statutory plat and its acceptance by the municipality, nothing remained in the dedicator but a mere possibility of reverter. This possibility of reverter was not an estate but only the possibility of having an estate at a future time. (*Hart* v. *Lake,* 273 Ill. 60.) This possibility, not being an estate, was not protected by any constitutional limitation, and it was competent for the legislature to abolish this possibility of reverter or to change the devolution of the title upon the happening of the future contingency in any way it

saw fit, and it was held in *Prall* v. *Burckhartt, supra,* after a full resume of the authorities on the subject, including the authorities cited by appellant, that any legislative enactment to that end is not unconstitutional.

The State constitution is not a grant of but is a limitation on legislative power. All legislative power is vested in the General Assembly, subject to the restrictions contained in the State constitution and the constitution of the United States. Every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it. (*Sawyer* v. *City of Alton,* 3 Scam. 127; *Taylorville Sanitary District* v. *Winslow,* 317 Ill. 25.) The fee of the streets and alleys is vested in the local municipality in trust for all the citizens of the State and not merely for local use, and the legislature has supreme control over them unless restrained by constitutional limitation. (*Heppes Co.* v. *City of Chicago,* 260 Ill. 506.) The only constitutional limitation upon the power of the legislature in the matter of the vacation of streets and alleys is that it is forbidden to pass any local or special law. (Const. art. 4, sec. 22.) The legislature, in the absence of special constitutional restrictions, by virtue of its plenary power may vacate or discontinue streets or highways, and since it can only act in the premises through subordinate agencies, it must necessarily have the power to confer upon such agencies all the power which it possessed in that regard, (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264,) and when such power is exercised by the agency it is the exercise of the power of the legislature, and when so authorized the city council may, without any judicial determination, order the vacation of a street by proceeding in accordance with the statute authorizing the same. *Smith* v. *McDowell,* 148 Ill. 51; *People* v. *Wieboldt,* 233 id. 572; *Catholic Bishop of Chicago* v. *Village of Palos Park,* 286 id. 400.

We have carefully considered all the arguments advanced by appellant and the authorities cited in support

thereof, but we are of the opinion that neither the section of the act in question nor the ordinance passed in pursuance thereof is unconstitutional for any of the reasons assigned.

The action of the city council making the ordinance conditional upon the payment of the compensation is not inconsistent with the statute, as this provision is only to secure the carrying out of the contract which by statute the city council was expressly authorized to make. The ordinance having been passed in accordance with the express power granted to the city council of Chicago by the legislature, its action must be considered as the action of the legislature, and in such case the only question that can be considered is whether such action is within the terms of the grant, the extent of which must be determined by the language of the statute itself.

When the power to act is vested in the legislative department and the means it chooses are reasonably calculated to subserve the exercise of the power, courts will not inquire whether the legislature in delegating the power, or the subordinate legislative body selected to exercise it, acted wisely or not, and such action cannot be set aside by the court on the ground that it is unreasonable, as it is not the province of the court to pass on the reasonableness of an act of the General Assembly. (*Catholic Bishop of Chicago v. Village of Palos Park, supra.*) Neither has the court a right to inquire into the motives of a legislative body in vacating a street or alley or into the wisdom or expediency of the legislative action. The authority of the court is limited to an investigation of the question whether the legislative acts are beyond the scope of the legislative power. (*People v. Chicago, Burlington and Quincy Railroad Co.* 314 Ill. 445.) That portion of the act in question which provided, "The validity of any such vacation shall not be questioned by reason of the payment of any such compensation, nor by reason of benefits specially accruing therefrom to the owner or owners of abutting property. The

determination of such corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of such street or alley, or part thereof, so vacated, shall be final and conclusive, and the passage of such ordinance shall be sufficient evidence of such determination, whether so recited in the ordinance or not," is in strict accord with these principles and is simply declaratory of the long established rule that the power of the judiciary in determining the constitutionality of laws is limited to whether or not the law is within the scope of the constitutional powers of the legislative department. (*People* v. *Dunne,* 258 Ill. 441.) The alley in question was used by only a small portion of the public and was in a dangerous condition for travel. The public interest is served by its vacation when the city is relieved from the expense of maintaining an alley which is used by only a small portion of the public (*People* v. *Benson,* 294 Ill. 236,) and when the city is freed from liability for injuries to the traveling public by reason of defects in an unimproved alley. *People* v. *Elgin, Joliet and Eastern Railway Co.* 298 Ill. 574.

The fact that this act places vast power in the hands of city councils and that the same is liable to be grossly abused by dishonest officials is an argument which might properly be addressed to the legislature but cannot be considered by this court, whose duty is judicial and not legislative.

The ordinance in question having been passed by the city council of the city of Chicago pursuant to an express power vested in it by a valid and constitutional grant of the legislature the court properly denied the petition for *mandamus.*

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

FARMER and THOMPSON, JJ., dissenting.