(No. 31049.—

The People *ex rel.* L. O. Alexander *et al.,* Appellants, *vs.* The City of Mt. Vernon *et al.,* Appellees.

*Opinion filed September 22, 1949.*

DOWELL & DOWELL, GEORGE W. DOWELL and N. Y. DOWELL, all of Mt. Vernon, for appellants.

DEWITT & WOODRUFF, MAURICE DEWITT, and JOE FRANK ALLEN, all of Mt. Vernon, and THORP, BOSWICK, REED & ARMSTRONG, KENNETH G. JACKSON, and JOSEPH E. MADVA, all of Pittsburgh, Pennsylvania, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Jefferson County denying a petition for writ of *mandamus*. The petition was filed in the name of the People, on the relation of L. O. Alexander and more than one hundred other residents of the city of Mt. Vernon, who are the appellants here. It sought to compel the city of Mt. Vernon, its mayor and council, and the Pressed Steel Car Company, Inc., appellees here, to remove certain obstructions placed by the car company across and upon a portion of Shawnee Street, in Mt. Vernon.

Prior to the recent war, Shawnee Street was a public street in Mt. Vernon. In 1942, the Mt. Vernon Car Manufacturing Company, a private corporation, owned property on both sides of a section of said street, several blocks long, upon which was erected its plant and factories for the manufacture of railroad cars. Like many other industries in 1942, it was about to convert its plant for the manufacture of war products, but military authorities objected to awarding munitions contracts to the company

until the portion of Shawnee Street which ran through the factory grounds was vacated and the general public prohibited from using it. Upon application of the car company, the city council did, on April 6, 1942, pass ordinance No. 1157, vacating Shawnee Street for a distance of about 5½ blocks. The company paid the city $3000 as consideration for the passage of the ordinance, and erected guard fences and gates across the street at both the north and south boundaries of the portion vacated. New buildings and a 120-foot extension to one of the existing buildings were constructed across the vacated area.

On April 10, 1946, the Mt. Vernon Car Manufacturing Company sold and conveyed its plant, facilities and property to the Pressed Steel Car Company, Inc., also a private corporation and one of appellees here. The conveyance included that portion of Shawnee Street which had been vacated by the ordinance. The new company made further changes and improvements which it undoubtedly would not have done had it known the street would not remain vacated, and also purchased equipment for which it would have no use with the street reopened.

Appellants, who, for the most part, constitute residents who live near the vacated portion of the street, on January 19, 1948, made a demand on the city to remove the obstructions which had been erected. The demand was ignored and thereafter, on February 2, 1948, a proposed ordinance, No. 1288, was submitted to the city council. It sought to repeal ordinance 1157 and to reopen all that portion of Shawnee Street which had previously been vacated. After a suspension of the rules for a consideration of the proposed ordinance, a vote was taken which resulted in six of the ten members voting "yea" and four voting "no." The mayor declared the ordinance lost for want of a two-thirds' majority. On March 31, 1948, a demand was made on the car company to remove the obstructions from the street, and to reopen it for public use.

When this, too, was ignored, appellants filed their petition for writ of *mandamus* alleging that the vacating ordinance was void in that it was passed for the exclusive benefit of private corporations and not for the benefit of the public generally, and that it was subject to constitutional objections discussed later herein.

At the hearing on the petition the evidence disclosed that the vacated portion of Shawnee Street was a dirt and cinder road, and that its condition prior to the vacating ordinance was bad; that there were many deep holes in the street which were filled with cinders from time to time, but such material would be gone two or three days after the repairs were made; that prior to the vacating ordinance, the vacated portion was intersected by approximately twenty-five railroad tracks, including the main-line right of way of the Louisville and Nashville railroad. Two locomotive trains and three switching locomotives operated constantly on these tracks, crossing Shawnee Street between fifty and one hundred times daily.

The evidence further discloses that the plant of the car company lies between a residential district in the southeast corner and the business district of the city of Mt. Vernon. Prior to the vacation ordinance, Shawnee Street, whose physical condition we have discussed above, was one of the routes connecting the two districts. In addition there were, and are today, two other routes available, one being by way of Perkin Street to Conger Street to Tenth Street. State routes 42 and 460 are presently located on Perkin Street, while Tenth Street is a paved street which is heavily travelled and is intersected by several railroads which must be crossed by persons going to the business district and by children going to school. The other route follows over Rackaway Street, which appears to be poorly drained and often flooded. The latter is a longer route and seldom used by residents in the southeast section. We note, too, that the testimony with regard to the extent Shawnee Street

was used prior to being partially vacated· is highly conflicting, but its general condition was described as bad by most witnesses.

Appellants pleaded, and also contend in this court, that the passage of the vacating ordinance was for a private purpose and for the exclusive benefit of private persons and corporations. They also attack the validity of section 69-11 of the vacation statute, (Ill. Rev. Stat. 1941, chap. 24, par. 69-11,) which reads as follows: "The determination of the corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of any street or alley, or part thereof, is conclusive, and the passage of such an ordinance is sufficient evidence of that determination, whether so recited in the ordinance or not. The relief to the public from further burden and responsibility of maintaining any street or alley, or part thereof, constitutes a public use or public interest authorizing the vacation." Appellants' position is that the statute allows the legislative department to usurp the functions of the judicial department in violation of article III of the Illinois constitution, and that it permits them to be deprived of valuable property without due process of law in contravention of both the State and Federal constitutions.

The constitutional objections to the statute here raised by appellants have been previously considered by this court in cases involving almost similar factual situations and have been rejected. (*People ex rel. Foote* v. *Kelly,* 385 Ill. 543; *People ex rel. Hill* v. *Eakin,* 383 Ill. 383; *American Asphalt Paving Co.* v. *City of Chicago,* 330 Ill. 330; *Nielsen* v. *City of Chicago,* 330 Ill. 301; *People ex rel. Franchere* v. *City of Chicago,* 321 Ill. 466.) In the *Kelly case,* after discussing the power of the legislature to vacate streets or highways, either by itself or through subordinate agencies, without judicial determination, we said: "These decisions do not hold or purport to declare that if a vaca-

tion ordinance is passed without any consideration of public interest to support it, the ordinance is nevertheless valid and constitutional and that injured property owners are deprived of recourse to the courts. The statute limits the authority of the courts but it does not assume to deny them the right to examine the record to see if any public use or interest is subserved in vacating a street or alley. Properly construed, the statute merely declares the long-established rule that the courts will not inquire whether the subordinate body selected to exercise the power delegated by the General Assembly acted wisely or not, nor inquire into the motives of the council in vacating a street or alley, nor into the expediency of such action. The authority of the court is limited in its investigation to the question of whether the act of vacating is beyond the scope of the power delegated. (*People ex rel. Franchere* v. *City of Chicago*, 321 Ill. 466.) Courts must not, of course, substitute their judgment for that of the city council as to whether the nature of the public interest justifies the ordinance nor as to whether the extent of the public interest to be subserved is so limited as to render the ordinance unreasonable. The question is, instead, whether the purpose and result of the legislative act, here an ordinance of the city of Chicago, is to solely benefit private interests without any semblance of benefit accruing to the public. Referring to ordinances passed under the authority granted by the statute, this court, in *American Asphalt Paving Co.* v. *City of Chicago*, 330 Ill. 330, pertinently observed: 'Such an ordinance is not rendered void because some private interest may be served by the vacation. Before a vacation ordinance can be declared void, it must clearly appear that no consideration of public interest could have led to its enactment.' It follows that while this court does not inquire into the motives actuating the passage of a vacation ordinance, the rule that the act of passing the ordinance is an expression of the discretion and judgment

of the council and must be regarded as final because of the presumption that all law-making bodies are actuated by patriotic purposes, is subject to the exception that the discretion must not be so grossly abused as to amount to a nonexercise of discretion. *People ex rel Heffernan* v. *Carlock,* 198 Ill. 150." The constitutional objections urged by appellants here are but a reiteration of those presented in the *Kelly case* and must be rejected.

Upon examining the facts in the instant case, we find considerable evidence that the public interest, as previously defined by this court, was served by the vacating ordinance. The city of Mt. Vernon was relieved of the burden and the responsibility of further maintenance of the vacated portion of the street. (*People ex rel. Hill* v. *Eakin,* 383 Ill. 383; *Nielsen* v. *City of Chicago,* 330 Ill. 301; *People ex rel. Franchere* v. *City of Chicago,* 321 Ill. 466.) The same cases hold that for a city to be relieved of the liability to the traveling public, by reason of the numerous defects in the street vacated, is also in the public interest. Such interest is also served when a city is relieved of liability for accidents arising out of the maintenance switch tracks and the operation of cars and trains thereon. (*American Asphalt Paving Co.* v. *City of Chicago,* 330 Ill. 330.) Furthermore, the compensation received from the car company for the land vacated was spent in the repair, improvement and maintenance of other and adjoining streets, thereby relieving the city of the necessity of levying additional taxes. Accordingly, we are of the opinion that the public use and interest was subserved by the vacation ordinance, and there is no merit to the contention that it was not.

Our consideration is next directed to appellants' contention that the vacating ordinance was effectively repealed by ordinance 1288 which was acted upon by the city council February 2, 1948. Such a position cannot be supported under the law. Section 69-12 of the Revised Cities and

Villages Act, (Ill. Rev. Stat. 1941, chap. 24, par. 69-12,) also relating to the vacation of streets and alleys, provides as follows: "Except in cases where the deed, or other instrument, dedicating a street or alley, or part thereof, has expressly provided for a specific devolution of the title thereto upon the abandonment or vacation thereof, whenever any street or alley, or any part thereof, is vacated under or by virtue of any ordinance of any municipality, the title to the land included within the street or alley, or part thereof, so vacated, vests in the then owners of the land abutting thereon, in the same proportions and to the same extent, as though the street or alley has been dedicated by a common law plat (as distinguished from a statutory plat) and as though the fee of the street or alley had been acquired by the owners as a part of the land abutting on the street or alley." In construing this statute we have held that where a public easement in a street is abandoned or otherwise terminated, title to the land on which the street was located, with all incidents of ownership, becomes absolute in adjacent lot owners. (*Waterloo Condensed Milk Co.* v. *Voges,* 316 Ill. 477; *Sullivan* v. *Atchison, Topeka and Santa Fe Railway Co.* 251 Ill. 108.) It is not shown here that the deed or instrument which originally dedicated Shawnee Street provided for a specific devolution of the incidents of title upon abandonment or vacation. The Mt.Vernon Car Manufacturing Company was the owner of the land abutting on both sides of the portion of the street vacated by the ordinance; thus, under the terms of the statute as construed by this court, the incidents of title to the land became perfected in the company free of the city's easement. They, in turn, sold it to the appellee, Pressed Steel Car Company, Inc. The attempt of the city council to take this property from its lawful owner by the passage of ordinance 1288 is a violation of section 13 of article II of our constitution, which prohibits the taking of private property for public use

without just compensation, the compensation to be ascertained by a jury as prescribed by law. (*Rigney* v. *City of Chicago,* 102 Ill. 64.) The provision of the constitution guaranteeing compensation if property is taken or damaged for public use is self-executing, requires no legislation for its enforcement, and cannot be impaired by legislation or ordinance. (*People ex rel. Farwell Co.* v. *Kelly,* 361 Ill. 54; *People ex rel. Wanless* v. *City of Chicago,* 378 Ill. 453.) The repealing ordinance alone would not, therefore, have the effect of reinvesting the city with an easement in the land for use as a street. The arguments presented as to whether the repealing ordinance was lawfully enacted need not be considered in view of the invalidity of the ordinance itself.

Appellants' contention that it was the intention of the city council that the vacation of Shawnee Street was meant to be temporary, and for the duration of the war, is not supported by the evidence. Since it has been determined that the public use or interest was subserved by the enactment of the vacating ordinance, and that it is not subject to the objections urged by appellants, the judgment of the circuit court of Jefferson County was correct and is affirmed.

*Judgment affirmed.*