MARGARET L. SULLIVAN *et al.* Appellees, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY *et al.* Appellants.

*Opinion filed June 20, 1911—Rehearing denied October 11, 1911.*

1. DEDICATION—*effect of vacation of a street existing by common law dedication.* Upon the vacation of a street existing by virtue of a common law dedication the title to the land to the center of the street reverts to the owners of adjacent lots, freed from the -encumbrance of the easement.

2. SAME—*title of adjacent lot owner to center of common law street is a vested interest.* The title of an adjacent lot owner to the center of a street existing by virtue of a common law dedication is a vested interest, of which he cannot be deprived without due process of law, and any ordinance or statute which would so deprive him of such interest would be unconstitutional.

3. RAILROADS—*when adjacent owner may enjoin erection of a structure in vacated street.* Where a track elevation ordinance vacates the portion of a street across which· the elevated tracks are to be laid, so that there is a total abandonment and not merely a change of use, the owner of an adjacent lot, if the street exists under a common law dedication, becomes entitled to possession of the land in front of his lot to the center of the street, and he may enjoin the railway company from erecting a structure thereon without his consent. (*Summerfield* v. *Chicago,* 197 Ill. 270, *People* v. *P., Ft. W. & C. Ry. Co.* 244 id. 166, and *Weage* v. *C. & W. I. R. R. Co.* 227 id. 421, distinguished.)

APPEAL from the Circuit Court of Will county; the Hon DORRANCE DIBELL, Judge, presiding.

J. L. O'DONNELL, T. F. DONOVAN, and J. A. BRAY, (ROBERT DUNLAP, and WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellants:

A city may vacate, widen or alter a street in the exercise of its absolute power over the same. *Meyer v. Teutopolis,* 131 Ill. 552.

A city may alter the width of a street in a case where there has been a common law dedication. *Mt. Carmel v. Shaw,* 155 Ill. 37.

Vacating a street for track elevation purposes is a measure in the interest of the public safety. *People v. Railway Co.* 217 Ill. 600; *Murphy v. Railroad Co.* 247 id. 614.

Vacating and closing a street for track elevation purposes is not a vacation of the same within the meaning of the general use of the term, whether the dedication be under the statute or at common law. *Weage v. Railroad Co.* 227 Ill. 421.

Obstructions placed in the street for track elevation purposes are not a withdrawing of said street from public use but a measure for the safety of the traveling public. *Summerfield v. Chicago,* 197 Ill. 270; *People v. Railroad Co.* 244 id. 166.

Where parties have stood by and permitted the expenditure of money on an improvement they cannot have their remedy in equity. Pomeroy's Eq. Jur. sec. 817; 1 High on Injunctions, (4th ed.) secs. 618, 417; *Banks v. Traction Co.* 4 Sandf. 466.

There is a form of *quasi* estoppel which does not cut off the party's title nor his remedy at law, but simply bars his remedy to equitable relief and leaves him to his legal actions, alone. Pomeroy's Eq. Jur. sec. 817.

No other equitable remedy is more liable to be defeated by acquiescence, or by delay on the plaintiff's part from which acquiescence may be inferred, than a mandatory injunction. Pomeroy's Eq. Jur. sec. 1359.

FRED MORIARTY, and JOHN FINNEY, for appellees:

The vacation of a street destroys the public easement and restores the parties to the full enjoyment of their rights. *Goodwillie Co.* v. *Electric Co.* 241 Ill. 42.

The mere fact of an invasion constitutes an injury and entitles the owner to an injunction if the invasion be permanent. *Osburn* v. *Railroad Co.* 147 U. S. 258; *Bond* v. *Railroad Co.* 171 Ill. 508.

Railroad corporations cannot use public streets without first condemning. *Bond* v. *Railroad Co.* 171 Ill. 508.

Any encroachment upon private property beyond the limits of that taken is wholly unauthorized and will be enjoined. Lewis on Eminent Domain, (1888 ed.) sec. 640.

No rights are acquired beyond the limits of the land condemned. Lewis on Eminent Domain, sec. 599.

The title of the abutting owner to the center of the street, where the city does not own the fee, is not a contingent interest or a mere expectancy but a present subsisting ownership of the fee. Any statute, acting retrospectively, that would deprive one of property rights thus vested would be unconstitutional and void. *Sears* v. *Chicago*, 247 Ill. 204.

An abutter under a common law dedication, and in whom the fee of the street rests, may enjoin such use even though a franchise has been granted by the public authorities to the railroad company. *Safety Deposit Co.* v. *Chicago*, 247 Ill. 192.

The taking of property under the right of eminent domain is in derogation of individual rights, and therefore the grant is to be strictly construed. *Safety Deposit Co.* v. *Chicago*, 247 Ill. 192.

Where the abutting owner has title to the fee in the street or where compensation is by the statute made a condition precedent, he may enjoin the construction of the road until compensation has been paid or tendered. *Wilder* v. *Traction Co.* 216 Ill. 493.

An abutting owner is entitled to every right and advantage in that part of the street of which he owns the fee, not required by the public. He has the entire right and property in the soil, subject to the easement of the public. Lewis on Eminent Domain, sec. 113.

The appropriation of a street for the use of a steam railroad is a new and additional burden, for which the abutting owner is entitled to compensation. Elliott on Roads and Streets, (1890 ed.) 526, and cases cited.

The general rule is, that upon the discontinuance or abandonment of a highway the land covered by it reverts to the owner of the fee. Elliott on Roads and Streets, 670.

It is generally held that where the fee of the street is in the abutting owner he may have the same remedies to prevent the use or occupation of his land as though the street did not exist, and consequently a railroad may be enjoined until its rights may be lawfully acquired, by compensation or otherwise. Lewis on Eminent Domain, sec. 635.

A mandatory injunction will issue even though the railroad is in operation. *Spaulding* v. *Railway Co.* 225 Ill. 585; *Burrall* v. *Telephone Co.* 224 id. 266.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a decree in the circuit court of Will county awarding a mandatory injunction against the Atchison, Topeka and Santa Fe Railway Company and the Chicago and Alton Railroad Company commanding said companies within ninety days to remove a concrete wall erected in that portion of VanBuren street which lies south of the west seventy-nine feet of lot 5, in block 14, in the city of Joliet. The bill was filed by the owners of the west seventy-nine feet of said lot 5. The cause was heard upon the amended bill, answer of the defendants, and evidence, both documentary and oral, submitted in open court, and a

decree was rendered in accordance with the prayer of the bill, requiring the railroad companies to remove said concrete wall within ninety days, with a proviso in the decree that if said railroad companies shall commence proceedings to condemn the premises occupied by said wall within the ninety days, the time during which such condemnation proceedings are pending shall be excluded from the ninety days allowed for the removal of said wall. The railroad companies have perfected this appeal.

The evidence necessary to an understanding of the questions involved is as follows: Appellees are the owners in fee of the west seventy-nine feet of lot 5, in block 14, in the city of Joliet. VanBuren street runs east and west. The south line of appellees' lot is the north line of VanBuren street. VanBuren street was opened as a highway pursuant to a common law dedication made by a plat which was not executed in accordance with the statute then in force, in the year 1835. In January, 1906, the city council passed an ordinance, known as ordinance No. 2219, requiring the railroads to elevate their tracks. By said track elevation ordinance that portion of VanBuren street occupied by the concrete wall in question was vacated and closed to public travel. Appellants claim that the erection of the wall in question was a necessary part of the work required by the track elevation scheme provided for by the ordinance. Appellees contend that upon the vacation of VanBuren street the title to that portion of the street adjoining their lot to the center of said street reverted to them by virtue of their ownership of said lot, and that the erection of said concrete wall by appellants was an unlawful invasion of appellees' property rights.

The principles of law that govern this case are well settled by the previous decisions of this court. Upon the vacation of a street existing by virtue of a common law dedication, the title to the center of the street reverts to the adjacent lot owners freed from the encumbrance of the

easement.  (*Gebhardt* v. *Reeves,* 75 Ill. 301; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 id. 235; *Thomsen* v. *McCormick,* 136 id. 135.)  A conveyance of a lot adjoining a street or highway established by a common law dedication conveys the title to the middle of such highway, subject only to the public easement.  When the easement is abandoned or otherwise terminated, the title, with all the incidents of ownership, becomes perfect in the adjacent lot owner.  Even while the easement is in existence the abutting owner may make any use he sees fit of the premises to the center of the street that does not interfere with the use of the easement by the public.  (*Sears* v. *City of Chicago,* 247 Ill. 204.)  The title of the adjacent lot owner is a vested interest, of which he cannot be deprived without due process of law, and any statute or ordinance that deprives one of his property rights thus vested would be unconstitutional and void.  (McGee on Due Process of Law, p. 153; *Sears* v. *City of Chicago, supra.*)  The track elevation ordinance vacated VanBuren street in front of appellees' lot and in effect authorized its total and permanent abandonment as a street.  If this is true, there is no escape from the conclusion that the title of the adjacent lot owners was united with the seizin in law, thus giving them the right to enter and enjoy the same according to the nature of the estate they owned in the abutting lot.  If the street was legally vacated, in the usual and ordinary sense of those terms, appellants had no more right to erect a wall or other obstruction on the north half of said street in front of appellees' lot than they would have had to build a like wall on any other portion of appellees' premises.

Appellants deny that the track elevation ordinance had the effect of vacating any portion of VanBuren street so as to destroy the public easement and cause a reversion to the adjacent lot owners, and in support of this contention they rely on *Summerfield* v. *City of Chicago,* 197 Ill. 270, *Weage* v. *Chicago and Western Indiana Railroad Co.* 227

251—8

id. 421, and *People* v. *Pittsburg, Ft. Wayne and Chicago Railway Co.* 244 id. 166. Those cases are distinguishable from the case at bar. The *Summerfield case* was a condemnation proceeding, by which the city of Chicago sought to condemn private property for the purpose of widening Stewart avenue so as to accommodate the public in reaching a subway constructed in Stewart avenue under a track elevation ordinance. It was contended that the city had no power to turn over the original street to a railroad company for the purpose of enabling it to elevate its tracks and then condemn other property for the use of the public. It was held that the track elevation ordinance was a proper exercise of the powers vested in the city and that the use of the street for such purpose was not an unlawful diversion of the street to the use of the railroad company, and that such use of the streets was not a new servitude but only another mode of using the street so as to conserve the best interest of the public. There was no question in that case relating to a complete abandonment of the street or to the rights of abutting lot owners that would arise out of a situation of that character. As widened by the condemnation proceeding the street was left open for the use of the public for ordinary travel and at the same time sufficient space was furnished for the structures made necessary by the track elevation ordinance.

The case of *Weage* v. *Chicago and Western Indiana Railroad Co.* was a bill filed by a number of lot owners whose lots were located on Wallace street, between Forty-ninth and Seventy-second streets, to enjoin the railroad company from elevating its tracks in said street, or, in the alternative, that damages be assessed to the several lot owners, on the theory that the track elevation ordinance vacated Wallace street and that the fee to the center of the street reverted to the owners of the adjoining lots. A demurrer was sustained to the bill and the bill dismissed for want of equity. That decree was affirmed by this court,

the court holding that the track elevation ordinance, which allowed the use, for its full width, of a street by a railroad company which had a perpetual easement for its tracks therein, did not effect a vacation of the street, so as to cause a reversion of the fee to the abutting property owner. This court, in discussing the question presented, (p. 427) said: "The exclusion of the public from the use of the street and the continuation of its use by defendant in error did not have the effect of causing a reversion to the dedicators, as would have been the case had the street been vacated for the purpose of abandoning its use entirely as a street." The decision in that case is based on the proposition that the use of a street longitudinally for elevated railroad tracks is simply a change in the method of using the street and not an abandonment of it as a public highway. While it was not decided what the rule would be where a railroad crossed a street and by its structures therein rendered any use of said street by the public impossible, it was pointed out in that case that under the ordinance the railroad company was required at all street crossings to maintain subways for the use of the public.

The case of *People* v. *Pittsburg, Ft. Wayne and Chicago Railway Co.* presented substantially the same questions that were before the court in the *Weage case,* and the decision in the former case controlled the latter.

In our opinion these cases are all clearly distinguishable from the case at bar. Here there is an unconditional vacation of the street, within certain described limits. The vacation is made necessary in order to enable appellants to cross the street with the elevated tracks and other structures connected therewith. The erection of a solid concrete wall across a street, from one side to the other, cannot be other than a complete obstruction of the use of said street for the ordinary and usual purposes for which streets are used. This court has uniformly held that cities may properly grant to street railways, and even to steam railways, the

right to lay tracks and operate railroads in their streets. Such use of the streets has never been regarded as anything more than 'a change in the mode of travel, and the principle of. these cases has been applied to elevated railroads. The principle upon which these decisions rest is undoubtedly sound, but it does not apply to the situation presented by the facts in the case at bar. There was here a total abandonment of that portion of VanBuren street in front of appellees' lot. It was not within the contemplation of the track elevation ordinance that a change was being effected in the mode of using VanBuren street, but the intention was to completely close it at this point, in order to carry out the track elevation scheme of railroads crossing VanBuren street at right angles.

The decree of the court below was in accordance with the views herein expressed. It should be, and is accordingly, affirmed.                    *Decree affirmed.*