(No. 27865.—

ST. CLAIR HOUSING AUTHORITY, Appellant, *vs.* SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

*Opinion filed May 16, 1944—Rehearing denied September 18, 1944.*

CHARLES M. WHEALON, of East St. Louis, for appellant.

KRAMER, CAMPBELL, COSTELLO & WEICHERT, of East St. Louis, (EARL H. PAINTER, and JOHN MOHLER, both of St. Louis, Mo., of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff, St. Clair County Housing Authority, a municipal corporation, was initiated by resolution of the board of supervisors of St. Clair county, pursuant to the general powers contained in the Housing Authorities Act. (Ill. Rev. Stat. 1943, chap. 67½.) It undertook the construction of two housing projects and acquired title to several lots in the city of East St. Louis as sites for its buildings. The lots acquired abutted upon certain streets and alleys along and upon which defendant, Southwestern Bell Telephone Company, maintained telephone poles and wires. Defendant's equipment was placed in the streets pursuant to franchises granted by the city and was a part of a system which it operated in East St. Louis and many other cities and villages in this and adjoining States. Some of the streets and alleys within the areas selected by the Housing Authority for its projects were vacated by the city council of the city of East St. Louis. After the adoption of an ordinance vacating such streets and alleys, defendant refused to remove its property from them and plaintiff instituted this suit in equity and prayed for a decree declaring

that defendant had no right or title, either legal or equitable, in the streets and alleys vacated and that it be commanded to remove its equipment therefrom. The chancellor found for the defendant and plaintiff appealed direct to this court. Defendant claims that the franchise ordinances under which it constructed its lines vested it with a perpetual easement in the streets and it is on the principle that a perpetual easement in lands, when acquired by grant or by any proceeding equivalent to a grant, constitutes a freehold which sustains the right to bring the case to this court by direct appeal. *Village of Harlem* v. *Suburban Railroad Co.* 198 Ill. 337.

The facts were stipulated and from such stipulation it appears that in 1882 the city of East St. Louis adopted an ordinance granting the Bell Telephone Company of Missouri, its successors and assigns, the right to erect and maintain in the streets, alleys and public grounds of the city, poles, wires and equipment such as may be necessary to operate and use a telephone exchange in the city. In 1897, an ordinance of similar import was adopted granting the Kinloch Telephone Company the same right. Defendant, as successor to both companies, has been operating its lines in East St. Louis under such ordinances. The conditions of both grants were that the respective telephone companies were to furnish free telephone service to certain city offices. Neither ordinance contained any provision as to the duration of the grant. The particular streets or alleys where the lines were to be constructed were not described in the ordinances. The only reservation made by the city was the right to grant a similar franchise to others.

It was further stipulated that the poles and wires had been installed and maintained at considerable expense, that the parts located in the public thoroughfares in question were an integral and necessary part of the whole system. It was also stated that the defendant had furnished free

telephone service to the city as provided in the ordinances and that each of said ordinances was in full force and effect.

On October 10, 1941, the city council of East St. Louis adopted ordinance No. 2893. It ordained that the public interests would be subserved by the vacation of the parts of streets and alleys described in section 2 of the ordinance and "that there be and is hereby vacated and closed to public use forever the following described streets and alleys, subject to all present legal rights, if any, of any public utility companies therein and thereto." Then follows a specific description of the parts of the streets and alleys to be vacated.

It was stipulated that the Housing Authority acquired title to property for the sites of its projects, by purchase or by eminent domain, except that as to the streets and alleys included in such site areas it acquired whatever title it had to the same by virtue of its ownership of the abutting property and by virtue of ordinance No. 2893 vacating said alleys. It further appears that plaintiff owned the lots abutting upon both sides of each street or alley vacated.

Defendant contends its use and occupancy of the streets and alleys with its telephone lines and equipment was founded on mutual considerations which in law raised its relationship with the city from one of a mere licensee to one of contract, and which carries all the incidents and rights of a valid binding contract. It is said that defendant's right to use the streets for its poles and wires is a vested, private property interest which cannot be taken by public authority without payment of just compensation. As grounds for reversal, plaintiff contends that the vacating of the streets and alleys was an exercise of police power and that it was not within the power of the city council to grant franchises to defendant's predecessors that would restrict it later in the exercise of such police regulation.

Plaintiff claims that the city's adoption of the vacation ordinance was to further the interests of plaintiff and since the purposes for which it was organized are primarily for the furtherance of public interests the city council's action was likewise in the interests of society and the public.

It will be observed that the contentions advanced center on the city's power to vacate the streets and alleys in question. The city is not a party to this proceeding and yet if plaintiff's contentions were sustained it would have the effect of releasing the city from further liability to maintain these thoroughfares for the public use. On the other hand, if defendant's contentions are sustained then we have adjudged matters in which the city is vitally concerned. It is true the vacation ordinance does not purport to terminate all rights defendant has to use and occupy other streets and alleys, and observance of it would merely require a relocating of its poles and wires on other streets, but the city's interest is so material that the city should be a party to this proceeding.

It is pointed out that the city's vacation ordinance is a sort of quitclaim to any interest the public has in the streets and that defendant's use of the street continues. It will be noted that the city's title to the street is not a fee absolute. If the streets and alleys came into public use through a common-law dedication of the plat in which they were laid out, then the title remained in the abutting property owners subject to the easement of the public to use them. Whenever that easement was validly terminated the title vested in the abutting property owners disencumbered of the easement. (*Sullivan* v. *Atchison, Topeka and Santa Fe Railway Co.* 251 Ill. 108.) On the other hand, if the streets and alleys came into public use by the city's acceptance of a statutory dedication of the plat, then the city's title to the streets and alleys was that of a base or determinable fee subject to be defeated whenever such streets or alleys ceased to be used by the public. (*Prall* v. *Burck-*

*hartt,* 299 Ill. 19.) The statute which provides for the vacation of streets where there has been a statutory dedication declares that whenever the streets or alleys are vacated, the title to the same passes to the abutting property owners. (Ill. Rev. Stat. 1939, chap. 145, sec. 2.) Under such circumstances, the question would arise as to the power of a city council to grant a franchise to a public utility and create interests in the streets and alleys in the public utility which endure beyond the time when the streets and alleys were used by the public. We believe these elementary principles demonstrate the necessity of having the city a party to this proceeding.

The general equitable rule is that all persons possessing a substantial legal or beneficial interest in the matter being litigated and who will be affected by the decree must be made parties. (*Riley* v. *Webb,* 272 Ill. 537; *McCreery* v. *Bartholf,* 305 Ill. 325; *Cowles* v. *Morris & Co.* 330 Ill. 11.) When all the parties are before the court the whole case may be considered and all interests protected and the court is then enabled to make a complete decree binding on all parties whose interest will be affected by it. (*Atkin* v. *Billings,* 72 Ill. 597; *McMechan* v. *Yenter,* 301 Ill. 508.) Even though no objection is made by any party litigant, when it comes to the court's attention that there are other necessary parties who are not before the court, the court will not proceed until the omission has been corrected. *Texas Co.* v. *Hollingsworth,* 375 Ill. 536.

The judgment of the circuit court is reversed and the cause is remanded with directions to grant leave to either party to make the city of East St. Louis a party to this proceeding and to stay all action in the case until the city is before the court.

*Reversed and remanded, with directions.*