(No. 29317.—)
WILLIAM RUSH, Appellee, *vs.* FRANK HUBBART *et al.*— (GRAND LODGE KNIGHTS OF PYTHIAS, Appellant.)

*Opinion filed March 20, 1946*

SALTIEL & PILKINGTON, (GEORGE L. PILKINGTON, and HARRY G. FINS, of counsel,) all of Chicago, for appellant.

BELL, FARRAR & SCOTT, (EARL L. SCOTT, of counsel,) both of Rock Island, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

On December 26, 1944, William Rush, appellee, filed in the circuit court of Whiteside county his complaint to quiet title to the southwesterly half of lot 3 in block 1 in School addition to the village of Erie. By his complaint he alleged that he owned in fee simple the above property; that he acquired title on February 8, 1932, by warranty deed from Acorn Lodge No. 317, Knights of Pythias, a corporation; that he entered into actual possession and so remained until he contracted to convey the property to Charles Donmeyer, one of the defendants here, and that he now is in possession through the said Donmeyer.

The bill further alleged that at the time of the conveyance the Acorn Lodge held title to the property and that it was acquired by the Acorn Lodge, alleged to be

an Illinois corporation not for profit, on August 27, 1900, by a deed wherein the grantees were designated as "Charles L. Case, Frank Hubbart and Frank Reisenbigler the Board of Directors of said 'Acorn Lodge No. 317 Knights of Pythias,' * * * and their Successors in office;" that the above conveyance was intended to and did vest the legal title to the premises in the corporation. It was further alleged that the corporation Acorn Lodge No. 317 was organized for the purpose of acquiring and holding property for the use and benefit of members of Acorn Lodge No. 317 of the fraternal society known as Knights of Pythias, and that said lodge was operating under a charter from Grand Lodge Knights of Pythias of the Great Jurisdiction of the State of Illinois, an Illinois corporation, defendant in this case.

The bill further alleges that following the acquisition of the real estate, the corporation Acorn Lodge No. 317, from funds, work and labor donated by members of the lodge, erected a two-story brick building with a storeroom on the first floor and a lodge hall on the second; that on or about the first of the year 1932, the membership of the lodge decided to sell the real estate and the trustees of said lodge, then consisting of the defendants herein, Edward Francis and Riley Greth, and the plaintiff here, who were *ex-officio* the directors of the Acorn Lodge corporation, were instructed by the vote of the entire membership of the lodge to advertise the property and sell the same at public auction and that, pursuant to such direction, the trustees and directors did so advertise the property, and after public sale the plaintiff, William Rush, offered the sum of $2775, and, this being the highest and best bid, the property was struck off and sold to him.

The appellee further alleged that the result of said auction was reported to a meeting of the membership of the corporation participated in by all of the members then in good standing and entitled to vote and that the sale was

approved and the issuance of a deed to William Rush was directed; that, thereafter, Rush paid the corporation the sum of $2775 and that a deed was issued to him, wherein the grantors were named as "Edward Francis, Riley Greth, and William Rush, Trustees of Acron Lodge Number 317, Knights of Pythias;" that said deed was intended to be the deed of said corporation, "Acorn Lodge No. 317 Knights of Pythias;" that the words "Edward Francis, Riley Greth and William Rush, Trustees of" were surplusage and that the word "Acron" appearing in said deed, was an error of the scrivener and was intended for the word "Acorn." The bill further alleged that the contract purchaser, Charles Donmeyer, contended that there was not a good and merchantable title of record for the reason that the grantee in the deed to the lodge is designated as "Charles L. Case—Frank Hubbard and Frank Reisenbigler—The Board of Directors of Acorn Lodge No. 317 Knights of Pythias, and their successors in office," maintaining that the above designation permits the construction that some interest vested in the named individuals in trust for the unincorporated lodge, or in trust for some other purpose, said purchaser further contending that in the deed to the appellee here there is nothing of record to show that the conveyance was authorized by the membership of the corporation or association and that the deed last mentioned is wholly insufficient to convey the legal title as the same was vested in the corporation. After alleging that the 1900 deed was sufficient to vest the title in the lodge corporation and that the deed to himself was sufficient to convey all of the title to the premises, the appellee alleged open, notorious and adverse possession under claim of ownership in fee simple and the payment of taxes for a period of more than seven years. It appears from the complaint that the lodge corporation was dissolved December 15, 1937, for failure to file an annual report for the year 1936.

The prayer of the complaint asks that the 1900 deed be construed to have vested in the lodge corporation the legal and equitable title to the property; that the deed to the appellee here be construed to be the deed of said "Acorn Lodge No. 317 Knights of Pythias, a corporation" and that the same be corrected and reformed according to the intent of the parties by substituting the word "Acorn" in the place of the word "Acron" whenever the latter appeared; that a decree be entered finding the appellee had been in adverse possession for more than seven years last past, had paid all taxes and assessments and that the appellee was the owner in fee simple of the premises and forever quieting and confirming title in him.

Frank E. Burridge, William R. Pfundstein and David Guthrie were made parties defendant as the representatives of the class of persons who were at one time or another members of the Acorn Lodge, as well as on account of any possible right or interest which they might have in the premises in their own right. The bill alleges that there were a large number of persons formerly members; that the membership records were lost and that the names of a great many former members could not be ascertained.

Edward Francis, Riley Greth and Henry Pfundstein were alleged to be members of the Acorn Lodge at the time of the execution of the deed to the appellee and were, or pretended to be, with the appellee, the only living members of said corporation, and they were made parties defendant because of possible rights or interests which they might have in their own right and as representatives of the class consisting of all members of the lodge corporation at the time of the execution and delivery of the deed.

In addition to the above-named defendants, the bill alleged that there were other persons whose names were unknown, who did or might claim some interest in the property, and made all such parties defendants by the name and description of "Unknown Owners."

Frank E. Burridge and William R. Pfundstein filed disclaimers, stating "that they hereby disclaim all right, title and interest to the premises involved in said suit." All of the other defendants, with the exception of the appellant here, Grand Lodge Knights of Pythias of the Great Jurisdiction of the State of Illinois, a corporation, were defaulted.

After its original answer was stricken, appellant filed its verified amended answer in which it denied that the appellee owned the property in fee simple and alleged that the deed to him was a nullity and that his actual possession, which was admitted, was that of trustee for the appellant. The appellant contended that by virtue of section 83 of its "Grand Statutes," the title to the property reverted to it. This section is as follows: "When the Warrant or Charter of a Lodge is suspended, surrendered or taken up, its books, jewels, funds and all other property at once revert to this Grand Lodge, and it shall be the duty of the Chancellor Commander, or its next senior remaining officer, or the Trustee, or other officer or officers of such Lodge, in custody thereof, to deliver to the Grand Chancellor or his Deputy, the Warrant or Charter, books, jewels, funds, regalia and all other property and effects of such Lodge, together with all papers and writings relative to or affecting the title thereof."

This answer admits that Acorn Lodge No. 317 Knights of Pythias, a corporation, held title to the property by an unbroken chain of mesne conveyances from the United States; admits the spelling of the name of said lodge as "Acron" was an error and that it should be "Acorn."

This answer further denied that William Rush paid the corporation the sum of $2775; denied the authorization of the directors to execute a warranty deed, and either denied directly or on information and belief the other portions of the bill. It is to be noted that the answer does not deny the possession of William Rush for a period of

more than seven years and the continuous payment of taxes throughout that period, nor does it deny the execution and delivery of the deed but rather the legal effect thereof. Further, it is to be noted that while the appellant predicates its claim to the property here solely on section 83 of its statutes, nowhere is it alleged that the warrant or charter of this particular lodge was ever suspended, surrendered or taken up.

To this amended answer, appellee filed his motion to strike. The trial court, after hearing and argument, took the matter under advisement after giving the appellant twenty days in which to file its brief.

On July 6, 1945, the trial court granted the motion to strike the amended answer and ruled the appellant to plead further on or before July 14, 1945. The trial court, in a statement of reasons incorporated into the record, granted the motion to strike on the ground that the 1932 deed, though defective in form, was sufficient to constitute color of title which, coupled with the intervening years of peaceable possession plus payment of taxes, entitled the appellee to the relief prayed for unless the appellant showed some adequate defense in itself. The trial court then concluded that even assuming that the charter issued by appellant to its subordinate lodge was suspended and surrendered, nevertheless, section 83 of the appellant's statutes is applicable only to personal property, and concluded that the answer of the appellant does not set forth facts showing title to or interest in the real estate in controversy.

The appellant elected to stand on its amended answer and a default was entered against it. Following this, a decree was entered quieting the title in William Rush and barring the named defendants, including "Unknown Owners," from asserting any right, title or interest in the premises adverse to the plaintiff.

On August 11, 1945, the appellant filed its motion to vacate the decree in which for the first time it raised the

question that the court had no jurisdiction to enter a decree because of the lack of necessary parties defendant. Inasmuch, it is contended, as Frank E. Burridge, William R. Pfundstein and David Guthrie, having been members at one time or another of the lodge and having been dropped from membership before the date of the execution of the deed to the appellee, they cannot legally represent all the members of the lodge, and a decree entered on such inadequate purported representation violates the due-process clauses of the Illinois and the Federal constitutions. This motion further argues the lack of interest of the three above-named defendants from the fact that they allowed themselves to be defaulted and never represented anyone who had an interest in the subject matter of the suit.

The second basis for the motion to vacate claimed that the answer raised twenty-five issues of fact, and that the court, by striking the answer, unlawfully deprived the appellant of a hearing on these issues.

The third ground was that the trial court committed error in treating this proceeding as an action *in rem* and not one *in personam*. Other grounds were assigned on the motion to vacate the decree but the appellant has assigned as error in this court only the above three grounds.

Considering first the assignment of error that by striking the answer the appellant was unlawfully deprived of a hearing on the twenty-five issues of fact raised by the answer, we are of the opinion that this ground is untenable. Assuming, for the purposes of the motion to strike, that all of the issues of fact raised by the answer are true, we fail to see where they would be relevant as far as the appellant is concerned. If the appellant has no interest, reversionary or otherwise, in the property in question, the circumstances surrounding the sale and the sale itself are of no concern to it. The entire claim of the appellant to an interest in the premises in question here is predicated upon section 83 of its statutes. The answer admitted the

execution of the instrument under which Rush claimed color of title and the more than seven years' possession and payment of taxes. It is true that the answer alleged that Rush held the title as trustee or at least was in possession as trustee and that, therefore, he could not acquire any adverse interest because of the trust. But nowhere in its answer does the appellant connect itself with the ·trust, assuming there to be one, nor show any title or interest in the property. Its statutes provide that when the charter of a subordinate lodge is abrogated or surrendered, its books, jewels, funds and all other property revert to the Grand Lodge, but there is no allegation that the charter of this particular subordinate lodge was ever abrogated or surrendered, a necessary condition precedent to the bringing into operation of its own statutes. The fact that the State of Illinois in 1937 revoked the corporate charter issued to members of the lodge has no bearing on the question. For the above reason and the further reason that we are of the opinion that the trial court correctly construed section 83 of the appellant's Grand Statutes as applying only to personal property, we hold that the answer did not set out any interest or title in the appellant to the premises in question.

It is further objected that inasmuch as the appellee, in a portion of the prayer of his complaint to quiet title, asked that the deed to him be construed to be the deed of the lodge corporation and that the names of three individuals with their designation as trustees be treated as surplusage, together with the prayer to correct an evidently and admittedly misspelled word, this suit became and was an action *in personam* and, therefore, service on "Unknown Owners" by publication cannot be had. Basically, however, this is an action on the part of Rush to have the court quiet title to the premises in him on the ground of more than seven years' peaceable possession coupled with the continuous payment of taxes throughout the period, neither of

which facts, as such, is denied by the appellant or anyone else. In our opinion the mere fact that, as an adjunct to this relief, the court is asked to and does correct a clerical error and strikes as surplusage the names of three men in the granting clause of a deed, does not change the nature of an action admittedly one *in rem* to one *in personam.*

In the view which we take of this matter, namely, that the answer of the appellant shows no interest in the property in itself and the further position that, properly construed, this suit is basically a suit to quiet title and an action *in rem,* it becomes unnecessary to analyze the several former decisions of this court cited by appellant to sustain its point that the action at bar does not have any of the qualifications of a class suit. Whether or not this case, viewed solely as a class suit, would come under the interdict of cases such as *Texas* v. *Hollingsworth,* 375 Ill. 536; *St. Clair Housing Authority* v. *Southwestern Bell Telephone Co.* 387 Ill. 180; *Otto* v. *Alexander,* 383 Ill. 482, and similar cases cited by appellant, need not here be decided. Even though we assume in the case at bar that all of the former members of the Acorn Lodge were not properly represented by simply making three of the members of the former class defendants, nevertheless, any and all persons who had or might have had an interest in the property in question, including the alleged other members of the class, were properly made parties defendant and before the court under the designation and style of "Unknown Owners."

The sole objection raised by the appellant to the jurisdiction of "Unknown Owners" is that this suit, being one *in personam,* jurisdiction by publication is not available. As stated above, we do not agree with the contention that this suit is one *in personam,* and hold that it is one *in rem.*

We find no error in the decree of the circuit court, and the same is affirmed.

*Decree affirmed.*