### DESCH v. KNOX

[No. 217, September Term, 1968.]

*Decided May 1, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Samuel S. Eisenberg* for appellant.

No brief filed on behalf of appellee.

MARBURY, J., delivered the opinion of the Court.

On September 30, 1966, the appellant John E. Desch filed suit for injunctive relief and damages against the appellee Ruth Stratton Knox in the Circuit Court for Baltimore County claiming that Mrs. Knox had taken possession of a fifteen foot strip of land owned by Desch along the rear portion of his property. After holding a hearing the lower court decided that a right-of-way granted to Baltimore County by one of the appellant's predecessors in title precluded granting any relief to Desch and barred Mrs. Knox from asserting title by adverse possession.

The appellant's evidence showed that in 1952 he had acquired a tract of land located partially in Baltimore County having a frontage on Gittings Avenue of 293.4 feet and that a wire fence extended across the entire rear of the property. Subsequent to his purchase Desch sold a portion of his tract which is not involved in the area in dispute in this case to Ralph W. Sloan in 1954. Both Desch and Sloan testified that at that time the fence still extended across the entire rear of appellant's lot. However, according to the appellant, shortly thereafter he noticed that approximately seventy-five feet of his fence had been removed and that a dog kennel, a portable children's swimming pool, and a pile of lumber had been placed on his land. Further, another fence had been erected for a length of approximately seventy-five feet and enclosed his property for a depth of ten to fifteen feet.

The appellant testified that he called at the house of the property owner to the rear of his tract, Mrs. Knox, and asked her to remove what she had placed on his land and to restore the removed portion of the old fence. He stated that the appellee maintained that the property was hers. In her testimony Mrs. Knox declared that there was no fence on her property except a little wire fence for some chickens. Further she denied that Desch came to complain about the fence and stated that she did not even know who Desch was until he took the stand to testify.

In response to a question from the court one of the appellant's witnesses stated that the controverted strip of land was within a right-of-way granted by deed on September 5, 1930, by one of appellant's predecessors in title, Henry J. Walton and his wife

to the County Commissioners of Baltimore County. Although this deed affected only a ten foot strip, the lower court concluded that neither party had established any right other than a permissive right to use the land in dispute and that ". . . the County holds *all* the rights and privileges in the aforesaid right of way which it would have if it were the *owner in fee simple."* From a decree embodying that determination, Desch has brought this appeal.

In deciding whether the conveyance of a right-of-way was an easement or a fee simple estate the instrument must be construed so as to best effectuate the intention of the parties, *Green, Tr. v. Eldridge,* 230 Md. 441, 187 A. 2d 674, and in determining the extent of the interest conveyed the instrument is considered as a whole, viewing the language employed in light of all the facts and circumstances of the transaction. *Whittington v. Mann,* 211 Md. 199, 126 A. 2d 617; *Weiprecht v. Gill,* 191 Md. 478, 62 A. 2d 253. See *Watson v. Raley,* 250 Md. 266, 242 A. 2d 488.

The instrument executed on September 5, 1930, by Henry J. Walton and his wife conveyed to the County Commissioners of Baltimore County "the right to lay maintain and remove sewer pipe or pipes through in under and across certain property situated in Baltimore County" which is later described as "the centre line of a right of way 10 feet in width . . . ." It further provided:

> "it being understood nevertheless that neither the execution hereof nor anything herein contained shall be regarded as a dedication of the beds of said rights of way to public use except for the purpose herein set forth nor shall the delivery of this deed and the acceptance thereof be regarded as the acceptance of any dedication of the beds of said rights of way heretofore made except for the purpose herein set forth it being the intention of the parties hereto that except in so far as necessarily altered for the purpose herein expressly provided for the *rights of all persons and corporations in the beds of said rights of way shall after delivery hereof continue the same as though this instrument had never been executed."* (Emphasis supplied.)

After an examination of the deed this Court cannot agree with the chancellor's finding that "the County holds *all* the rights and privileges in the aforesaid right of way which it would have if it were the *owner in fee simple.*" The mutual intention of the parties was only to allow the county to lay, maintain, and remove sewer pipe, and the chancellor ignored the expressed retention of all other possessory rights by the grantor. As this Court stated in *Richfield Oil Corp. v. Railroad Co.,* 179 Md. 560, 572-73, 20 A. 2d 581, 588, quoting from Lewis, *Eminent Domain,* (3rd Ed.), sec. 468: "The conveyance of a right of way or for specified uses, conveys an easement only." This Court finds that the instrument under consideration granted an easement only, with the fee remaining in the grantor, his heirs and assigns.

The mere fact that Baltimore County had some interest in the disputed land is not sufficient reason to preclude a determination as to whether the appellee has encroached upon the appellant's property. As announced by this Court in *Pub. Serv. Commn. v. Gas Etc. Corp.,* 162 Md. 298, 312, 159 A. 758, 763, quoting from *Bosley v. Susquehanna Canal,* 3 Bland 63:

> "A right of way, whether public or private, is essentially different from a fee simple right to the land itself over which the way passes. A right of way is nothing more than a special and limited right of use; and every other right or benefit derivable from the land, not essentially injurious to, or incompatible with the peculiar use called the right of way, belongs as absolutely and entirely to the holder of the fee simple as if no such right of way existed. He is, in fact, for every purpose considered as the absolute owner of the land, subject only to an easement or servitude; he may recover the land so charged by ejectment; he may bring an action of trespass against any one who does any injury to it . . . ."

See 2 Thompson, *Real Property* (1961 Repl. Vol.), Easements, Sec. 319.

The lower court also found that the appellee had not been able to acquire fee simple title by adverse possession of the

strip "for the simple reason that nobody can acquire any title by adverse possession of property which the County holds for public purposes." It is firmly established in Maryland that land held by a municipality in its governmental capacity may not be acquired privately by adverse possession, *M. & C.C. v. Chesapeake,* 233 Md. 559, 197 A. 2d 821; *Sachs & Sons v. Ward,* 182 Md. 385, 35 A. 2d 161, and the lower court's finding, at least as to the ten foot strip of the land, would be correct had the county owned the land in fee simple. However, in light of our holding that the right-of-way created only an easement in the county, we find that the appellee should have been allowed to prove her claim of adverse possession, if she could, as regards the interest held by the appellant, but not as against the county's easement. As discussed in 4 Tiffany, *The Law of Real Property* (3d ed. 1939), Sec. 1141:

> " . . . .
>
> "One may be in possession, for the purpose of acquiring land under the statutes of limitations [adverse possession], although he permits the public to pass over the land, . . . nor is the existence of an easement over the land in favor of another individual, or of the public, inconsistent with his acquisition of title . . . ."

*E.g., Waterloo Condensed Milk Co. v. Voges,* 316 Ill. 477, 147 N. E. 373; *Rupley v. Fraser,* 132 Minn. 311, 156 N. W. 350.

The lower court indicated that the county had not been made a party to the proceeding. However, as we consider this case, the objectives sought in the bill of complaint are to determine the rights and obligations only between the appellant and the appellee and not to impair or determine any rights of the county. Therefore, we conclude that there was no need to join the county as a party in interest. See *Klein v. Dove,* 205 Md. 285, 107 A. 2d 82.

Appellant urges that since the chancellor precluded both parties from asserting possessory rights this Court should determine the respective rights of the parties. We hold that the chancellor erred in deciding that the county's interest in the land amounted to a fee simple estate and prevented a resolution of

the dispute between the parties, and to that extent his ruling must be reversed. However, this Court is unwilling to make any determination of the rights of the parties since the chancellor did not give us the benefit of his analysis of the conflicting testimony. Under these circumstances the case must therefore be remanded for further proceedings consistent with this opinion.

*Decree reversed and case remanded for further proceedings consistent with this opinion. Costs to abide the result in the lower court.*